OPINION
Appellant, Jerry Detelich, d.b.a. Youngstown Trailer Sales, appeals a decision of the Girard Municipal Court in a breach of contract/breach of warranty case filed by appellee, James P. Calai. The trial court entered judgment in favor of appellee in the amount of $1,071.97 after determining that appellant had breached the statutory implied warranty of fitness for a particular purpose (R.C. 1302.28) in relationship to the sale of a trailer to appellee. This appeal followed.
On January 26, 1999, appellee purchased a cargo trailer from appellant for the sum of $3,971.97. At the time of the purchase, appellee made it clear that the intended use of the trailer was to haul two motorcycles. Appellee specifically inquired into the structural integrity of the trailer's frame to insure that the side walls had rigid steel framing sufficient for the anchoring of supports to hold the motorcycles during transport. Appellant assured appellee that the side wall structural supports were of steel framing capable of supporting appellee's motorcycles.
After purchasing the trailer, appellee discovered that there were no steel supports in the side walls as represented by appellant and, therefore, that the trailer was unsuitable for hauling motorcycles. Appellee attempted to return the trailer to appellant to have the problem resolved. Appellee was informed that special accessory brackets could be purchased from the manufacturer at additional cost. Unable to reach a suitable resolution, appellee sold the trailer to a third party for the sum of $2,900.
On July 22, 1999, appellee filed a small claims complaint in the trial court seeking $2,000 based upon breach of contract/breach of warranty. The matter proceeded to a hearing before a magistrate on August 24, 1999. No audio recording or stenographic transcript was made at the hearing. On September 7, 1999, the magistrate issued his recommendation, finding that appellant had breached its statutory implied warranty of fitness for a particular purpose and that the trailer constituted a non-conforming good. The magistrate recommended judgment in favor of appellee in the amount of $1,071.97, plus interest and costs. The magistrate reasoned that appellee was entitled to return the goods and receive refund of the full purchase price. Since appellant refused to take back the trailer and appellee sold it to a third party, he was entitled to the difference between the sale proceeds he received and the original purchase price. The magistrate's report was accepted and approved by the trial court judge on the same day.
Appellant filed a notice of appeal, without having filed any objections to the magistrate's report. After this court determined that the trial court's judgment entry was insufficient, the trial court filed a valid judgment entry on November 12, 1999 which, in effect, adopted the magistrate's recommendation. Appellant's notice of appeal was then treated as a premature notice of appeal and the case has since proceeded according to rule. Since no transcript was available from the hearing before the magistrate, an App.R. 9(C) statement has been filed by the magistrate who heard the evidence.
Appellant has now set forth two assignments of error for this court's consideration. Appellant claims that the trial court erred in finding that it had breached an implied warranty of fitness for a particular purpose, and that the trial court erred in finding that the trailer constituted a non-conforming good.
Before reaching the merits of appellant's arguments, however, we must address appellant's failure to file objections to the magistrate's report. Civ.R. 53(E)(3)(b) provides, in pertinent part:
 "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 Accordingly, if a party fails to file objections to the magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal. In the Matter of Brunstetter (Aug. 7, 1998), Trumbull App. No. 97-T-0089, unreported, at 7; Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005, unreported, at 10-11; Zumock v. Zumock (Sept. 26, 1997), Portage App. No. 96-P-0180, unreported, at 3.
In the present case, appellant's failure to file objections to the magistrate's decision precludes this court from addressing appellant's assignments of error on their merits. However, even if the procedural deficiencies are ignored, it is clear that appellant's arguments would also fail on a substantive level.
First, appellant argues that the trial court's finding that it breached an implied warranty of fitness for a particular purpose is against the manifest weight of the evidence. Specifically, appellant asserts that there was no evidence or testimony presented that the side walls of the trailer could not or would not support appellee's motorcycles nor was there evidence that appellee had any problem whatsoever with the trailer.
After reviewing the App.R. 9(C) statement, however, it is clear that appellant's argument is not supported by the record. Finding 7 indicates that there were no steel structural supports in the side walls as represented by appellant and, therefore, the trailer was not suited for appellee's stated purpose of hauling motorcycles. Additionally, finding 9 indicates that appellant impliedly admitted that the trailer was not suitable by offering to sell accessory brackets that could have been installed on the trailer so as to meet appellee's needs. Also, the fact that appellee had to sell the trailer and purchase a different model is an indication that appellee had a problem with the first trailer. Hence, there is ample evidence to support the trial court's conclusion that appellant had breached an implied warranty of fitness for a particular purpose.
Appellant next argues that the trial court erred in finding that the trailer at issue constituted a non-conforming good. Once again, we disagree. As the trial court properly found, the existence of steel framing side walls was a material element of the contract. The evidence clearly indicated that this trailer did not contain the necessary steel framing and was unsuitable for hauling motorcycles. Appellee returned the trailer upon discovery of the material defect and, when a suitable solution could not be reached, appellee attempted to minimize his damages. Additionally, as appellant admits, "non-conforming goods" was only an alternative theory of recovery. Thus, the trial court's decision is not against the manifest weight of the evidence.
Accordingly, even if appellant had properly filed objections to the magistrate's report pursuant to Civ.R. 53, the decision of the trial court would still be upheld.
The judgment of the trial court is hereby affirmed.